IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RODIS, LLC,                          )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )   Civil Action No. 05-816
                                     )
NICHOLAS TROMBETTA,                  )
                                     )
          Defendant.                 )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                    October 25, 2005

This is a tort action. Defendant has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the court should dismiss plaintiff's claim for intentional interference with a contractual relationship (Count I) on the ground that it is duplicative of plaintiff's claim for intentional interference with a business relationship (Count II).[1] In the alternative, defendant asks this court to dismiss or abstain in this action because plaintiff filed a prior lawsuit

---

[1] Defendant also seeks dismissal of plaintiff's claims for attorneys' fees in connection with Counts I and II. In its opposition brief, plaintiff states that it has withdrawn its prayer for attorneys' fees. As such, we need not address the issue of attorneys' fees.

in the Court of Common Pleas for Beaver County, Pennsylvania. The state action is still pending.

When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end, or whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief. In this regard, the court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory he advances. Rather, the court is under a duty to independently examine the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory. See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 337 & n. 40 (2d ed. 1990); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

It is on this standard that the court has reviewed defendant's motion to dismiss. Based on the pleadings of record and the briefs filed in support and opposition thereto, the court is not persuaded "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

AO 72A
(Rev.8/82)

First, plaintiff's intentional interference claims are not duplicative of each other so as to warrant dismissal at this juncture. As set forth above, the issue on a motion to dismiss is whether the complaint sets forth any valid claim for relief. See Conley, 355 U.S. at 45-46. Here, we find that both Counts I and II set forth valid bases for relief. That is, plaintiff has sufficiently set forth claims for intentional interference with contractual relations (Count I) and intentional interference with business relations (Count II), and may eventually recover on one or both of the claims.

Plaintiff argues that Ohio law likely governs this action. As plaintiff points out, under Ohio law, intentional interference with a contractual relationship and intentional interference with a business relationship are two separate and distinct causes of action. Kenty v. Transamerica Premium Ins. Co., 650 N.E.2d 863, 864 (Ohio 1995). Based on his brief, defendant is apparently arguing that Pennsylvania law applies to this case. Although not necessarily dispositive, we note that the paragraph 15(a) of the Management Agreement at issue here states that, "Pennsylvania law shall govern this Agreement, without reference to the principles governing the conflict of laws applicable in that or any other jurisdiction."

At this time, we need not determine which state's law

governs this action. Regardless of whether Ohio or Pennsylvania law will ultimately apply to this case, we find that plaintiff has satisfied its pleading requirements for both causes of action.[2] As to Count I, intentional interference with a contractual relationship, plaintiff has adequately pled the requisite factors under both Pennsylvania and Ohio law. Likewise, plaintiff has satisfied the pleading requirements for Count II, intentional interference with a business relationship under both states' laws. Therefore, dismissal under Rule 12(b)(6) is not appropriate.

Defendant has also filed a motion for abstention. Because Congress determines the scope of federal jurisdiction within constitutionally permissible bounds, a federal court has no authority to abstain from the exercise of jurisdiction that has been properly conferred. New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350 (1989). The obligation to adjudicate claims within the federal courts' jurisdiction is "virtually unflagging." Id. at 359. However, because federal courts do have discretion in determining whether to grant certain types of relief, abstention is appropriate in a few carefully

---

[2] The elements for tortious interference with a business relationship and tortious interference with a contractual relationship are similar but not identical under Pennsylvania and Ohio law.

AO 72A
(Rev.8/82)

defined situations. But abstention remains the exception, not the rule and rarely "should be invoked[.]" Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992).

Here, defendant has moved for abstention under what is commonly referred to as the "Colorado River doctrine." Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800 (1976). In Colorado River, the United States Supreme Court recognized that there are certain extremely limited circumstances under which a federal court may defer to pending state court proceedings based on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 817. The Court made clear that, "the rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id. (citation omitted). By way of explanation, the Court set forth several factors that a district court should consider to determine whether certain extremely limited circumstances exist so as to warrant a federal court's deference to pending state court proceedings. Id. These "limited circumstances" include: "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of the litigation." Id.

"A threshold issue that must be decided in any Colorado River abstention case is whether the two actions are 'parallel.'" Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997). Cases are considered "parallel" when they involve the same parties and claims. Id. If the cases are not parallel, the district court lacks the power to abstain. Id.

We find that the instant case is not parallel to the state court case because the state court case is based on a different contractual relationship and involves different parties. In this action, plaintiff (Rodis) seeks relief from defendant (Mr. Trombetta) because defendant allegedly induced a third party (Buckeye Online School for Success) to terminate its Management Agreement with plaintiff. On the other hand, in the state action, Rodis seeks relief against a different plaintiff, Cyber Charter, for breach of contract between Rodis and Cyber Charter. In that action, Rodis also seeks relief against Cyber Charter, its Board of Trustees, and Mr. Trombetta, in his capacity as an officer of Cyber Charter, for violation of the Pennsylvania Sunshine Act. As such, the state and federal proceedings are neither duplicative nor parallel because they involve different defendants and different claims. Indeed, the Complaint filed in the state action does not contain any counts for intentional interference with a contractual or business relationship. Thus,

AO 72A
(Rev.8/82)

resolution of the state action will not resolve all of the claims asserted in the federal proceeding.

Because we find that the state and federal cases are not parallel, there is no need to engage in any further inquiry under Colorado River abstention.  Defendant's motion for abstention is denied.

Accordingly, this 25th day of October, 2005, IT IS HEREBY ORDERED that defendant's motion to dismiss [Document #4] is DENIED.

                                        BY THE COURT:

                                        _____, J.

cc:   All Counsel of Record

AO 72A
(Rev.8/82)